```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

TONY LEE BLAND                                            PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:09cv39-DCB-MTP

WILKINSON COUNTY CORRECTIONAL FACILITY, et al.           DEFENDANTS

## OPINION and ORDER

On March 19, 2009, the plaintiff filed a complaint [1] pursuant to 42 U.S.C. § 1983 and requested in forma pauperis [2] status. An order [4] was entered on April 2, 2009, denying plaintiff's request to proceed in forma pauperis and directing him to pay the filing fee within 30 days from the entry of that order.  The plaintiff filed a motion for extension of time to pay the filing fee [5] on April 23, 2009.  This court entered an order [6] on May 14, 2009, granting the plaintiff's motion [5] to the extent that he had until and including August 10, 2009, to pay the filing fee.  The plaintiff was warned that failure to comply with the order could lead to the dismissal of the instant civil action.

Upon a review of the record, this court found that the plaintiff had failed to comply with the order [6] entered on May 14, 2009.  Therefore, out of an abundance of caution, this court provided the plaintiff with another opportunity to comply with the order [4] entered on April 2, 2009, when it entered an order to show cause [8] on August 25, 2009, directing the plaintiff to pay the filing fee on or before September 16, 2009.  Once again,

the plaintiff has failed to comply with an order of this court even though he was warned that if he did not comply with the order his case could be dismissed without prejudice and without further notice to him.

The plaintiff has failed to comply with two court orders. Additionally, this court finds that the plaintiff has not communicated with this court since he filed a notice of change of address [7] on June 10, 2009. Therefore, this court finds from the plaintiff's failure to comply with the orders of this court and failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   1st  day of    October   , 2009.


                                              s/ David Bramlette    
                                          UNITED STATES DISTRICT JUDGE